UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x   Index No.: 17-CV-906
CHERYL LOWE and BRIAN ROACH,

                                               **AMENDED COMPLAINT**

                            Plaintiffs,

                                               **DEMAND FOR JURY TRIAL**

    -against-

THE CITY OF NEW YORK, Det. Ricardo
Joseph, Det. Douglas Corso, Sgt. Pegeen Roberto,
And Det. Katrina Forrester, all of 71st Precinct,

                            Defendants.
-------------------------------------------------------------------x

            **CHERYL LOWE and BRIAN ROACH**, by their attorney, Chidi Eze, Esq., complaining of the City of New York and the individually identified police officers, all of whom are of the NYPD's 71st Precinct, upon information and belief, alleges as follows:

## JURISDICTION

            1.     This is an action at law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, by Defendants of the rights, privileges and immunities secured to Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution, and by 42 U.S.C. §1983 [and §1985], and arising under the laws and statutes of the State of New York and the City of New York.

            2.     Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal law, and by 28 U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, of rights, privileges and immunities secured to Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution, and by 42 U.S.C. §1983.

1

3. Venue is proper because the acts complained of herein occurred in Brooklyn, City and State of New York, which is within the Eastern District of New York.

## PARTIES

4. During all times relevant and material to this Complaint, Plaintiffs were, and still are, citizens of the United States, residing in Brooklyn, City & State of New York.

5. During all times relevant and material to this case, Defendant City of New York was a municipal corporation incorporated under the laws of the State of New York.

6. During all times relevant and material to this case, the defendant Police Officers were employees of Defendant City of New York through its Police Department, employed at the NYPD 71st Precinct.

7. During all times relevant and material to this case, the actions of the individual Police Officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of Defendants City of New York and New York Police Department (hereinafter NYPD), and Defendants City of New York is as such responsible for the individual Defendants' actions. Defendant City of New York is further responsible for the actions of the individual Defendants under the principal agent/*respondeat superior* rule.

## FULFILMENT OF ADMINISTRATIVE PREREQUISITES

8. All conditions precedent for the filing of this action have been complied with: a written Notice of Claim, sworn to by Plaintiffs herein, was served upon Defendant City of New York, to the person designated by law as one to whom a summons against Defendant City

of New York may be delivered in an action in the District Court. Upon serving the Notice of Claim, plaintiffs were assigned Claim No. 2016PI015759 for Cheryl Lowe and 2016PI016663 for Brian Roach.

9. At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claims has been neglected or refused

## FACTS COMMON TO ALL CAUSES OF ACTION

10. On the evening of Saturday February 20, 2016, at approximately 6:00 p.m., plaintiffs, Cheryl Lowe and Bryan Roach were inside 2110 Westbury Court, Apt 2H, Brooklyn NY 11225, visiting with an individual called Michael DeCouteau, who resided at that apartment, when approximately 7 officers broke into the apartment, without warning and without warrant. Upon forcibly gaining entrance, with guns drawn, and without a single question asked, the officers immediately proceeded to search and handcuff plaintiffs, while holding them down at gun point. Plaintiff protested their innocence to no avail. Plaintiffs were not told why there were being arrested. Plaintiffs pleaded with the officers, and explained that they were just visiting and know nothing about any alleged crime in the apartment, if any, but their pleas fell on deaf ears. Plaintiffs were then led outside the building, in handcuffs, and taken into a waiting police van. They were transported to 71st Precinct located at Empire Boulevard in Brooklyn.

11. Plaintiff Cheryl Lowe was given a DAT at 71st Precinct and Release from the Precinct at approximately 11 P.M that day, whereas plaintiff Roach was thereafter taken to Central

      Bookings in downtown Brooklyn. On the early morning of Monday being February 22, 2016 at approximately 2:00am, plaintiff Roach was presented before a Judge, and was released his own recognizance. Plaintiffs were both charged with possession of controlled substance. A charge they knew nothing about, and of which they both vehemently denied.

12. Plaintiff Lowe appeared in court several time to defend herself against the false charges brought against her, and on September 8, 2016, she accepted and ACD for the charge. Plaintiff Roach appeared in court on several occasions to defend against these charges, and accepted ACD on October 20, 2016.

13. Accordingly, plaintiff Lowe was arrested and imprisoned for approximately 5 hours, while plaintiff Roach was arrested and imprisoned for approximately 32 hours, even though the defendant Police Officers knew, or should have known based on the facts, that neither plaintiff committed any crime nor could they have been responsible for any contraband found in the subject premises, if any was found.

14. As a direct and proximate result of defendants' actions, plaintiffs were deprived of their due process rights, remedies, privileges, and immunities under the Fourth, Fifth, Eight, and Fourteenth Amendments to the United States Constitution and the laws of the City and State of New York.

15. As a direct and proximate result of defendants' actions, plaintiffs suffered and continued to suffer serious emotional injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish, unwarranted severe anger bouts, permanent scarring and severe physical pains in various parts of their bodies.

16. The illegal and unlawful arrests and imprisonment of plaintiffs, particularly in light of the fact that the defendants had full knowledge of, or should have had full knowledge of the fact that plaintiffs did not commit any crime, were intentional, malicious, reckless and in bad faith.

17. In light of the foregoing, plaintiffs have been damaged by the actions of the City of New York and its agents, were humiliated, and assaulted, were arrested and imprisoned for several hours without probable cause, lost respect and dignity before friends and family, suffered and continue to suffer severe mental anguish, reputation injuries, psychological and emotional distress, some or all of which may be permanent.

18. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. The conduct of the defendant officers complained of herein were beyond the scope of their jurisdiction, without legal authority, and in abuse of their authority. Accordingly, plaintiffs have been damaged by the actions of the City of New York and its agents and therefore, seek compensation as a result.

19. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, and knowingly concealed violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including the defendants in this case, to engage in these unlawful conducts.

**AND AS FOR A FIRST CAUSE OF ACTION**

20. Plaintiffs repeat and re-allege paragraphs 1 through 19 as if each paragraph is repeated verbatim herein.

21. The defendant police officers arrested and imprisoned Plaintiffs without probable cause, without a warrant and with malice and intentional disregard for plaintiffs' constitutional rights. The Defendants, acting under color of State Law, violated Plaintiffs' right to be free from unreasonable seizures, secured to plaintiffs under the Fourth and Fourteenth Amendments to the Constitution, and plaintiffs' right not to be deprived of liberty without due process of law, secured under the Fifth and Fourteenth Amendments. By denying Plaintiffs' Constitutional rights under color of State Law, the Defendants violated 42 U.S.C. §1983. In addition, the defendant officers conspire to deny plaintiffs their Constitutional rights secured to him by 42 U.S.C. §1983 [1985], and took several overt steps in furtherance of the conspiracy as set forth above.

22. As a result of the seizure of plaintiffs persons, they were denied their freedom and liberty and suffered emotional and mental distress thereof. Plaintiffs claim compensatory damages in the amount of $500,000 for each plaintiff. In addition, because the defendant police officers acted with malice and intentional disregard for plaintiffs' Constitutional rights when they arrested and imprisoned them, Plaintiffs seek $400,000 each in punitive damages.

**AND AS FOR A SECOND CAUSE OF ACTION**

23. Plaintiff repeats and re-alleges paragraphs 1 through 22 as if each paragraph is repeated verbatim herein.

24. In violation of Article 1 Section 12 of the New York State Constitution, and New York State Common Law, the defendant police officers falsely arrested and imprisoned Plaintiffs for several hours without probable cause, deprived them of their rights, remedies, privileges, and immunities guaranteed by said law. In addition, the defendant officers conspire to deny plaintiffs' Constitutional rights secured under Article 1 Section 12 of the New York State Constitution, and took several overt steps in furtherance of the conspiracy as set forth above.

25. Plaintiffs were denied freedom and liberty, and therefore suffered emotional and mental distress as a result. Plaintiffs seek compensatory damages in the amount of $500,000 for each plaintiff for the violation of his/her rights under State and Common Laws and for emotional and mental distress. In addition, because the defendant police officers acted with malice and intentional disregard for their Constitutional rights when they arrested and imprisoned them, Plaintiffs seek $400,000 each in punitive damages.

### AND AS FOR A THIRD CAUSE OF ACTION

26. Plaintiffs repeat and re-allege paragraphs 1 through 25 as if each paragraph is repeated verbatim herein.

27. The defendant police officers were acting as agents of the City of New York when they carried out the actions complained of herein. The defendant Police Officers' violations of Plaintiffs' Constitutional and Federal Law rights as complained of herein were carried out under the unlawful and injurious policies, customs, and practices of the City of New York and its Police Department Therefore, the City of New York is jointly

and severally liable with the defendant police officers for the compensatory damages Plaintiffs sustained herein.

28. Plaintiffs claim compensatory damages in the amount of $1,000,000 for the violation of these rights, resulting in emotional and mental distress.  In addition, because the Defendants acted with malice and intentional disregard for his Constitutional rights, Plaintiffs seek $800,000 in punitive damages against the individual officers jointly and severally.

**WHEREFORE,** Plaintiffs pray the Court for judgment as follows for each Cause of Action:

i. $1,000,000 in compensatory damages against all the defendants, jointly and severally;

ii. $800,000 in punitive damages against the individual defendant police officers, jointly and severally;

iii. attorney's fees, plus the costs and disbursements of these actions against all Defendants, jointly and severally;

iv. such other relief as the Court may deem just, proper and equitable.

Dated: Brooklyn, New York
June 16, 2017

By: _____/s/_____
CHIDI EZE
Attorney for Plaintiffs
255 Livingston Street, 3rd Floor
Brooklyn, NY 11217
(718) 643-8800